1  fTanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street, Ste. 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com

5  Attorney for Plaintiff
   Raymon Sellers

|  |  |  |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | EASTERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| RAYMON SELLERS, | ) | No. |
| Plaintiff, | ) ) | **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER THE** |
| vs. | ) ) | **AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF,** |
| RAJVIR KAUR, individually and dba A1 MARKET; | ) ) ) | **DECLARATORY RELIEF; DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |
| Defendants. | ) ) ) | |

## I. SUMMARY

1. This is a civil rights action by plaintiff RAYMON SELLERS ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> A1 Market
> 6636 Sunnyslope Drive
> Sacramento, California 95828
> (hereafter "the Facility")

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against RAJVIR KAUR dba A1 MARKET; ("Defendants"), pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

*Sellers v. Kaur*
Complaint

## II.   JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8. Plaintiff is paralyzed and unable to walk, and must use a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws. Plaintiff is <u>not</u> a high-frequency litigant as that term is defined by Cal. Code of Civil Procedure section 425.55(b)(1).

## V.   FACTS

9. The Facility is open to the public, intended for non-residential use, and its operation affects commerce. The Facility is therefore a public accommodation as defined by applicable state and federal laws.

10. Plaintiff lives very close to the Facility and purchases items from the Facility, including cigarettes and food, multiple times per week. However, because he is unable to enter the Facility unassisted and it is difficult for him to enter even with assistance, as explained below, Plaintiff is deterred from visiting the Facility and usually sends someone else to purchase the items for him. Plaintiff has personally visited the Facility multiple times, including three times on or about August 3, 2022 when he went there to purchase cigarettes

and miscellaneous snacks. During his August 3, 2022 visit to the Facility, and on other occasions that Plaintiff has visited the Facility which dates he cannot presently recall, Plaintiff personally encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. These barriers include, but are not necessarily limited to, the following:

a) Plaintiff arrived to the Facility via wheelchair from the public sidewalk. Although pedestrians can walk from the public sidewalk to the Facility entrance, there is no properly configured or identified accessible route of travel from the public sidewalk to the Facility entrance, and the route contains excessive slopes and changes in level, as well as large cracks and gaps. The surface of the designated accessible parking stall and access aisle are significantly higher than the surrounding parking lot; and no attempt has been made to provide an accessible route to the Facility entrance from anywhere other than the access aisle. As a result, it is difficult for Plaintiff to access the Facility entrance as he is forced to wheel over a steep height change onto the access aisle, and he cannot do so alone which prevents him from visiting the Facility by himself. On August 3, 2022, Plaintiff had to have his cousins who accompanied him help push him onto the access aisle when arriving, and guide him as he backed his wheelchair down from the access aisle when leaving.

b) The Facility entrance door is extremely heavy and closes too quickly. As a result, Plaintiff is unable to open the door and wheel through on his own, which also prevents him from visiting the Facility unaccompanied. On August 3, 2022, Plaintiff's cousins helped hold the door open for him.

11. There may exist other barriers at the Facility which relate to Plaintiff's disabilities, and he will seek to amend this Complaint once such additional barriers are

1  identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to
2  his disabilities removed to afford him full and equal access.

3    12. Plaintiff was, and continues to be, deterred from visiting the Facility, especially
4  when he is alone, because Plaintiff knows that the Facility's goods, services, facilities,
5  privileges, advantages, and accommodations were and are unavailable to Plaintiff due to
6  Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility,
7  and will return to the Facility once the barriers are removed.

8    13. Defendants knew, or should have known, that these elements and areas of the
9  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to
10 the physically disabled. In fact, Plaintiff has complained to Facility staff multiple times
11 regarding these barriers to his access. Moreover, Defendants have the financial resources to
12 remove these barriers from the Facility (without much difficulty or expense), and make the
13 Facility accessible to the physically disabled. To date, however, Defendants refuse to either
14 remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15   14. At all relevant times, Defendants have possessed and enjoyed sufficient control
16 and authority to modify the Facility to remove impediments to wheelchair access and to
17 comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for
18 Accessible Design. Defendants have not removed such impediments and have not modified the
19 Facility to conform to accessibility standards. Defendants have intentionally maintained the
20 Facility in its current condition and have intentionally refrained from altering the Facility so
21 that it complies with the accessibility standards.

22   15. Plaintiff further alleges that the (continued) presence of barriers at the Facility is
23 so obvious as to establish Defendants' discriminatory intent. On information and belief,
24 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
25 to relevant building standards; disregard for the building plans and permits issued for the
26 Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the
27 Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
28 property continues to exist in its non-compliant state. Plaintiff further alleges, on information

and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, that the cost of removing the architectural barriers does not exceed the benefits under the particular circumstances, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

//

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1993, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

28. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

//

//

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Sellers v. Kaur*
Complaint

Page 6

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

<u>Failure to Maintain Accessible Features</u>

31.     Defendants additionally violated the ADA by failing to maintain in operable working condition those features of the Facility that are required to be readily accessible to and usable by persons with disabilities.

32.     Such failure by Defendants to maintain the Facility in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

33.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

**VII.    SECOND CLAIM**

**Unruh Act**

34.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

35.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

36.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

37. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

38. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

39. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

40. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

41. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

43. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45. Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

46. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.
3. Declaratory relief finding that Defendants violated the ADA with regard to the barriers personally encountered by Plaintiff.
4. Attorneys' fees, litigation expenses, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.
6. For such other and further relief as the Court deems proper.

Dated: 2/14/2023                    MOORE LAW FIRM, P.C.

                                    */s/ Tanya E. Moore*
                                    Tanya E. Moore
                                    Attorney for Plaintiff
                                    Raymon Sellers

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Sellers v. Kaur*
Complaint
Page 9

# VERIFICATION

I, RAYMON SELLERS, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 2/14/2023                         */s/ Raymon Sellers*
                                          Raymon Sellers

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                          */s/ Tanya E. Moore*
                                          Tanya E. Moore
                                          Attorney for Plaintiff,
                                          RAYMON SELLERS