UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMON SELLERS,

Plaintiff,

v.

RAJVIR KAUR, individually and dba A1 MARKET,

Defendants,

No. 2:23-cv-0337 DJC DB PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Defendant Rajvir Kaur is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 21, 2023, defendant filed an answer. (ECF No. 6.) Therefore, on May 1, 2023, the undersigned issued an order setting this matter for a Status (Pretrial Scheduling) Conference on June 9, 2023. (ECF No. 8.) Pursuant to that order defendant Kaur was to file a status report on or before June 2, 2023. Defendant, however, failed to file a timely status report.

Accordingly, on June 7, 2023, the undersigned issued an order to show cause, ordering defendant to show cause in writing within fourteen days for defendant's failure to file a timely status report. (ECF No. 10 at 2.) The order also continued the Status (Pretrial Scheduling) Conference to July 28, 2023, and ordered defendant to file a status report on or before July 14, 2023. (Id.) Defendant was warned that the failure to timely comply with that order could result

in the imposition of an appropriate sanction. Nonetheless, the defendant has failed to respond in any manner to the order issued on June 7, 2023.

"The Court has inherent power to achieve the orderly and expeditious disposition of cases by entering judgment against a party for failure to prosecute and/or failure to comply with a court order." Lopez v. Las Palmas Pupuseria Inc., No. CV 18-1586 JFW (FFMx), 2018 WL 6594588, at *1 (C.D. Cal. Nov. 15., 2018). The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case or declaring a default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

Here, forcing plaintiff to proceed with discovery against a defendant that is now unwilling to cooperate and participate would amount to prejudice. Moreover, given defendant's refusal to respond despite multiple opportunities, the undersigned finds that less drastic sanctions are not available. Accordingly, upon consideration of the factors noted above, the undersigned finds that "defendant's answer should be stricken and the Clerk should be directed to enter defendant's default." DISH Network, L.L.C. v. Candelaria, No. CV 18-0723 SJO (FFM), 2018 WL 6981040, at *2 (C.D. Cal. Dec. 18, 2018).[1]

Accordingly, IT IS HEREBY ORDERED that the July 28, 2023 Status (Pretrial Scheduling) Conference is vacated.

////

////

---

[1] In the event these findings and recommendations are adopted in full, plaintiff may proceed by seeking default judgment against the defendant. Plaintiff should serve a copy of any such motion on the defendant.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant's answer filed April 21, 2023 (ECF No. 6) be struck; and

2. The Clerk of the Court be directed to enter defendant's default.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 26, 2023

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/sellers0337.strike.f&rs