1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMON SELLERS,                         No.  2:23-cv-0337-SCR

12              Plaintiff,

13        v.                                 ORDER

14   RAJVIR KAUR, individually and dba A1
15   MARKET,

16              Defendant.

17

18        BEFORE THE COURT is Plaintiff Raymon Sellers' Motion for Attorney Fees (ECF No.

19   27) and opposition and reply briefs (ECF No. 28 & 29).  Defendant filed a second opposition

20   brief (ECF No. 32), which Plaintiff requests the Court strike (ECF No. 33).  The parties have

21   consented to proceed before a United States Magistrate Judge for all purposes.  ECF No. 22.  The

22   Court heard the Motion on September 26, 2024.  The Court now grants in part Plaintiff's Motion

23   for Attorney Fees, and grants Plaintiff's request to strike.

24        **I.        Procedural History and Background**

25        Plaintiff filed his Complaint on February 23, 2023, and alleged violation of the Americans

26   with Disabilities Act of 1990 (42 U.S.C. §§ 12101, *et seq*.) (herein ADA).  Plaintiff alleged that

27   he was disabled, used a wheelchair, and was a frequent customer of A1 Market.  ECF No. 1.

28   Plaintiff alleged he encountered both physical and intangible barriers at A1 Market and that the

business was not accessible as required by the ADA.  Plaintiff sought injunctive relief, and also alleged a violation of California Civil Code § 51 (the Unruh Act)[1] and sought minimum statutory damages of $4,000 thereunder.  ECF No. 1 at 7-8.

Defendant initially represented herself pro se in the matter and submitted a letter as her answer on April 21, 2023.  ECF No. 6.  On July 26, 2023, Magistrate Judge Barnes issued Findings and Recommendations that Defendant's answer be stricken because Defendant failed to respond to court orders to file a status report.  ECF No. 11.  Thereafter, Defendant obtained counsel who filed objections to the Findings and Recommendations on August 9, 2023.  ECF No. 12.  The matter then proceeded through the filing of a First Amended Complaint and discovery. The parties ultimately resolved the dispute.  *See* Stipulation and Order at ECF No. 26 (providing the Court will retain jurisdiction to adjudicate the issue of attorney fees and costs).

**II.     Analysis**

Under the ADA, a prevailing party may recover attorney fees.  42 U.S.C. § 12205. Additionally, a party found to have violated the Unruh Act is liable for attorney fees.  Cal. Civ. Code § 52(a).  The parties do not dispute that Plaintiff is entitled to recover attorney fees.  ECF No. 28 at 1-2.  Rather, the current dispute is the reasonableness of the fees Plaintiff claims.  In assessing the reasonableness of a fees award, district courts start with "the lodestar method, multiplying the number of hours reasonably expended by the reasonable hourly rate."  *Ryan v. Editions Ltd., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).)  "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he or she was required to spend on the case."  *Id.* (quotation omitted).  The district court may reduce fees to reflect the party's limited degree of success, to account for block billing, or deduct hours that the court deems excessive.  *Id.* "Ultimately, the district court has discretion in determining a reasonable fee, but the court must

---

[1]  California's Unruh Civil Rights Act "operates virtually identically to the ADA."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).  Any violation of the ADA "necessarily constitutes a violation of the Unruh Act," and the Unruh Act provides for minimum statutory damages, and a "litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000."  *Id.*

exercise that discretion consistently with the principles described above." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).

### A.  Reasonable Hourly Rate

Here Plaintiff seeks an attorney billing rate of $300/hour and a paralegal rate of $115/hour.  ECF No. 27-2 at 3.  Defendant does not object to these rates as unreasonable.  ECF No. 28 at 2-3 ("Defendant does not dispute these rates.").  Instead, Defendant challenges the "type of entries and amount of time" as "excessive, unreasonable, and unwarranted." *Id.* at 3.  Plaintiff's counsel, Ms. Moore, has practiced law for over 20 years and has "spent over a dozen years specializing almost exclusively in disability access litigation."  ECF No. 27-2 at 3.  Ms. Moore states that her currently hourly billable rate is $650 based on prevailing market rates, but that she is seeking $300/hour in this matter.  *Id.*  The Court finds Ms. Moore's $300/hour rate is reasonable.

Plaintiff also provides information as to the experience level of Ms. Law, the primary assisting paralegal in this matter.  ECF No. 27-2 at 3.  Ms. Law is a "senior paralegal" who has worked for Ms. Moore since 2013 and specialized in disability access litigation.  *Id*.  The Court finds the $115/hour rate to be reasonable for Ms. Law and the other paralegals who billed on this matter.

### B.  Amount of Time Expended

Defendant generally contends that Plaintiff has billed for some tasks that are "purely clerical or secretarial tasks" and that Plaintiff should not be allowed to bill for instructing an assistant or reviewing administrative docket entries.  ECF No. 28 at 4-5.[2]  Defendant further contends that some of the "entries are duplicative or unreasonably lengthy given Ms. Moore's experience." *Id.* at 5.  The Court does not find Defendant's general arguments about the clerical nature of some tasks to be convincing.

Defendant also offers more specific objections to various entries, such as: "Ms. Law bills .2 hours related to reviewing redlines, seeking approval from Ms. Moore, and finalizing the joint

---

[2]  The Court is citing to Defendant's pagination at the bottom of the page, which does not match the CM/ECF header pagination.

status report." ECF No. 28 at 7. Defendant objects to this as "clerical" and not recoverable. *Id.*

The Court does not find reviewing edits, communicating with the supervising attorney, and

editing a status report to be purely clerical. Other tasks that Defendant claims are clerical—for

example, a paralegal calendaring dates, *id.* at 6—apparently involved compound legal and clerical

tasks, such as reviewing a court pleading in order to calendar deadlines. ECF 27-3 at 14. The

Court finds this and Defendant's other challenges to small billing amounts for routine but

necessary tasks (such as Defendant's challenge to another 0.2 entry for a paralegal drafting a

proof of service) to be unpersuasive. Defendant is correct that "purely clerical or secretarial tasks

should not be billed at a paralegal or lawyer's rate." *Davis v. City & County of San Francisco*,

976 F.2d 1536, 1543 (9th Cir. 1992). However, the items challenged do not appear to be "purely

clerical." *See Paige J. L. v. O'Malley*, 2024 WL 1477123 at *3 (C.D. Cal. April 1, 2024) (finding

that entries such as reviewing court filings were not "purely clerical," and that the time entries at

issue were "very short" and were compensable).

Defendant also challenges the time spent on drafting the complaint, amended complaint,

and engaging in discovery. Here, Defendant combines the argument that some of the tasks were

clerical, with the argument that Ms. Moore should have been more efficient given her experience

and the boilerplate nature of the allegations. The Court does not find the 4.5 hours allocated to

pre-filing investigation and preparation of the complaint (ECF No. 27-1 at 5) to be unreasonable.

The Court does find the 7.0 hours devoted to preparation of the First Amended Complaint

("FAC") to be somewhat excessive. The FAC is similar to the original, contains the same three

claims, and is one page longer. Further, there is some vagueness in the description of tasks, as

over 2 hours of attorney time includes the description of "attention to preparation" of the FAC,

which does not describe a specific task. **The Court reduces the attorney time for this task by**

**1.0 hour ($300)**.

The total time allocated to discovery was 35.7 hours of combined attorney and paralegal

time, with about 60% of that time being billed by Ms. Moore. ECF No. 27-1 at 13-17. This time

is excessive in light of the parties reaching a settlement on substantive terms in December 2023,

and most of the discovery billing occurring after that time. The discovery billing includes eight

1    hours of preparation for a deposition that was not taken.  Some of the billing descriptions are also

2    vague, or could be considered block billing, such as two hours for continued preparation of

3    discovery requests on 1/30/24 and 4.5 hours "preparation for deposition" on 3/26/24.  Obviously

4    preparing for a deposition can be time consuming in certain cases, and an attorney may have

5    extensive documents to review, prior witness testimony to review, or a detailed outline to prepare.

6    Here, it is unclear what "preparation" entailed, and there was not testimony from other

7    depositions to review, nor does the case appear document intensive.  Other courts have reduced

8    Ms. Moore's billing submissions related to discovery.  *See Gilbert v. Castrejon*, 2024 WL 457114

9    (E.D. Cal. Feb. 6, 2024) (Ms. Moore's firm billed 32 hours for discovery and was reduced 50%);

10    *Trujillo v. Orozoco*, 2018 WL 1142311 (N.D. Cal. March 2, 2018) (finding the total hours billed

11    by Ms. Moore's firm to be excessive in a case that settled early, with no pre-dismissal motion

12    practice, no court appearances, and minimal discovery).  **The Court reduces the attorney time**

13    **for discovery by 6 hours ($1,800) and the paralegal time by 2 hours ($230)**.

14           Defendant also challenges nearly eight hours billed by Ms. Moore to attend a site

15    inspection, and argues that Ms. Moore's attendance was not necessary.  ECF No. 28 at 9.  In

16    Reply, Ms. Moore argues her attendance was necessary to ensure no problems arose and make

17    sure the consultant had access.  ECF No. 29 at 6-7.  The Court notes that the majority of the time

18    billed by Ms. Moore for attending the site inspection appears to be travel, as the CASp invoice

19    reflects the actual inspection was one hour.  ECF No. 27-3 at 26.  Travel time may be

20    compensated at the normal hourly rates, if that is the custom in the relevant legal market.  *Smith v.*

21    *General Info. Serv., Inc*., 2019 WL 2106171 at *5 (E.D. Cal. May 14, 2019).   Such travel time is

22    generally compensable in the Eastern District of California.  *Id.* (collecting cases).   However, the

23    time must still be reasonable and necessary to the representation.  *Id.* at 5-6.  The site inspection

24    took place on July 10, 2023.  ECF No. 27-1 at 8.  At that time, Defendant was not represented by

25    counsel and there was a show cause order pending against Defendant.  On July 26, 2023,

26    Magistrate Judge Barnes entered Findings and Recommendations that Defendant's pro se answer

27    be stricken and default entered.  It is thus questionable whether the site inspection was reasonable

28

1  and necessary to the representation at a time when Defendant was not represented and just before

2  Magistrate Judge Barnes recommended an entry of default against Defendant.

3  However, Defendant did obtain representation, and conducting a site inspection in these

4  types of matters is generally reasonable.  However, the amount of time billed is excessive for a

5  one-hour site inspection.  Other courts have reduced or disallowed Ms. Moore's time for

6  attendance at site inspections.  *See for example Hernandez v. MRVS Enterprises, Inc.*, 2023

7  WL8720138 at *6 (N.D. Cal. Dec. 18, 2023) (reducing Ms. Moore's time for site inspection from

8  4 hours to 3 hours); *Gilbert v. Dollar Tree Stores*, 2023 WL 7736500 at *6 (E.D. Cal. Nov. 15,

9  2023) (finding plaintiff did "not explain the benefit or substantive merit of Ms. Moore's

10  attendance at a routine inspection" and substantially reducing hours for attending site inspection).

11  **The Court finds a reduction of 3.5 hours is appropriate ($1,050)**.

12  Defendant challenges the amount of time billed for preparation of the instant Motion for

13  fees.  Paralegal Ms. Law billed over 23 hours to prepare and draft the Motion and Ms. Moore

14  billed 2 hours to review and revise.  ECF No. 27-1 at 17-18.  The Court finds these amounts

15  excessive.  Other court have previously reduced fees for Ms. Law and Ms. Moore concerning the

16  preparation of fee motions.  *See for example Hernandez v. Spring Charter Inc.*, 2020 WL

17  1171121 at *5 (N.D. Cal. March 11, 2020) (stating "Moore and Law spent approximately 25

18  hours on a straightforward request for fees under well established precedent" and reducing the

19  time by approximately 50 percent); *Hernandez v. MRVS Enterprises, Inc.*, 2023 WL8720138 at

20  *6 (N.D. Cal. Dec. 18, 2023) (stating the fee motion was a routine motion "for which counsel

21  must have a template" and reducing Ms. Moore's hours by 2.75 and Ms. Law's by 9 hours).  **The**

22  **Court finds the hours expended are excessive and reduces Ms. Law's hours by 10 ($1,150)**

23  **and Ms. Moore's by 0.5 ($150)**.

24  **C.  Costs**

25  Defendant challenges a $208.29 fee for pre-investigation site inspection, and $2,625.00

26  for the CASp site inspection.  ECF No. 28 at 14-15.  Defendant objects to the CASp fee because

27  much of the fee was attributable to 6.5 hours the consultant spent traveling and cites to one case

28  from the Northern District of California where the CASp fee was reduced to $1,500.  In Reply,

Plaintiff argues he is entitled to an expert of his choosing and that travel time is compensable. ECF No. 29 at 8-9.  Plaintiff further argues that the pre-filing investigation fee was reasonable. *Id*.  The Court finds the pre-filing investigation fee is reasonable.  As to the CASp fee, it is true that some courts have reduced the fee.  In *Hernandez v. MRVS Enterprises Inc.*, 2023 WL 8720138 at *7 (N.D. Cal. Dec. 18, 2023), Ms. Moore sought recovery of $2,800 for CASp fees, and the court reduced the amount to $1,500.  Other courts have denied recovery of the CASp fee where the invoice was not properly itemized.  *See for example Gilbert v. Dollar Tree Stores*, 2023 WL 7736500 at *8 (E.D. Cal. Nov. 15, 2023).  Here, the invoice is itemized.  *See* ECF No. 27-3 at 26-27.  Defendant objects to the inspector billing for 6.5 hours travel.  However, the inspector does bill at a lower rate ($150/hr) for travel, versus $250/hr for conducting the inspection and preparing a report.  A plaintiff is not necessarily required to pick an expert local to the site at issue.  *See Hernandez v. Spring Charter Inc.*, 2020 WL 1171121 at *9 (N.D. Cal. March 11, 2020) (allowing travel fees for CASp inspector, approving CASp cost of $2,590, and stating "[plaintiff] is entitled to choose his consultants").  The Court will approve the CASp inspection fee as reasonable.

### D. Request to Strike (ECF No. 33)

The Motion for Attorney Fees was filed on July 1, 2024.  The Motion was not set for hearing at that time due to the impending retirement of Magistrate Judge Barnes.  Pursuant to Local Rule 230(c), opposition to the motion was due within 14 days after the motion was filed.  Defendant filed an opposition brief and exhibits on July 16, 2024 (1-day late).  Plaintiff timely filed a reply on July 26, 2024.  ECF No. 29.  On August 19, 2024, an Order was entered by Judge Mueller assigning this case to the undersigned.  ECF No. 30.  On that same day, Plaintiff promptly noticed this Motion for hearing on September 26, 2024.  ECF No. 31.  The notice provides that the request for fees is based on the materials Plaintiff previously filed at ECF 27 & 29, and notes that Defendant has already filed an opposition.  Defendant then filed an amended opposition which is six pages longer (142 rather than 136) but does not explain in what manner it was amended, nor did Defendant seek leave to file a sur-reply.

Subject to certain exceptions, Local Rule 230(m) prohibits the filing of "additional memoranda, papers, or other materials" after the filing of the reply brief. Plaintiff objects and requests the second opposition (ECF No. 32) be stricken. Plaintiff's argument is well-taken, Defendant's second opposition brief is STRICKEN.

### III.    Conclusion

Plaintiff in the Reply brief seeks a total award for fees and costs of $27,765.97. ECF No. 29 at 9. The court has found a reduction in the total amount of $4,680 for attorney and paralegal fees is appropriate for the reasons set forth herein. The Court has approved the full request for costs, for a total award of $23,085.97. Accordingly,

**IT IS HEREBY ORDERED:**

1.   Plaintiff's Motion for Attorney Fees (ECF No. 27) is GRANTED IN PART as set forth herein. Plaintiff is awarded $19,493.00 in fees, and $3,592.97 in costs.

2.   Payment shall be made to "Moore Law Firm, P.C. Trust Account" and mailed to Plaintiff's counsel Tanya E. Moore at Moore Law Firm, P.C., 334 North Second St., San Jose, California 95112 within 30 days of the date of this Order.

3.   Plaintiff's request to strike (ECF No. 33) is GRANTED.

IT IS SO ORDERED.

Dated: October 29, 2024.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE